## ASA L. LATHROP, *et al.*, V. JOHN DAVENPORT.

DEFENSES OF PAYMENT, AND USURY; *Burden of Proof; Weight of Testimony.* In an action upon a note valid upon its face, and calling for only legal interest, the burden of proving payment and usury is upon the defendant; and where there is a general finding partially adverse to him, and the question turns largely on the weight to be given to the testimony of the defendant and of an agent of the plaintiff respectively, this court will, although such testimony be by deposition, sustain the conclusion of the district court as to any merely doubtful matter.

### *Error from Franklin District Court.*

FORECLOSURE of mortgage, brought by *Davenport* against *Asa L. Lathrop* and *Carrie R.*, his wife. The mortgage was on defendants' homestead, and was given to secure a note for $3,000, signed by both defendants, dated 5th October 1871, payable one year after date, with interest at the rate of 12 per cent. per annum. On the back of the note is this indorsement:

"OTTAWA, JUNE 7th, 1873: Received on the within note three hundred and sixty dollars, in full for interest to October 5th 1872, and this note is hereby extended for one year from this date. JOHN DAVENPORT,

"*By E. E. F., Agent.*"

*Davenport* prayed judgment for $3,000 principal, and interest thereon at 12 per cent. from 5th October 1872, and for $1,403.67 taxes on mortgaged premises paid by him for the years 1871, 1872, 1873, 1874 and 1875, and interest thereon, and for foreclosure, etc. The defendants answered, and among other matters, alleged, that on the 1st of September 1868

they gave their note and mortgage to one Dobson for $2,500, payable in one year with interest at 12 per cent.; that Dobson transferred said note and mortgage to *Davenport* before maturity thereof; that on the 27th of September 1869 they paid on said note the sum of $1,003.50; that before said payment was made, defendants had agreed to pay *Davenport* 18 per cent. interest on said note from its date (5th October, 1871,) until paid; that on 1st August 1870 defendants paid *Davenport* the further sums of $54 and $275, and on the 5th of October 1871 the additional sum of $321.85; that these three sums last mentioned "were so taken and extorted by said plaintiff as and for usurious interest upon the respective sums of money" actually due at the respective dates of payment, "and in renewal of a certain note and mortgage executed by said *Asa R. Lathrop* to said plaintiff August 1st 1870 for the sum of $350, payable one year from its date with 12 per cent. interest per annum, upon which said *Asa R.* had agreed to pay plaintiff 18 per cent. interest, and did pay him as such usurious interest the sum of $21 August 1st 1870, and $49.45 October 5th 1871." Defendants claimed that there was actually and legally due to *Davenport*, October 5th 1871, on said $2,500 note (originally given to Dobson) the sum of $585.20. They admit that on that day they received from *Davenport* $285.55 in money. These last two sums, amounting to $870.75, defendants claimed constituted the only legal consideration for the $3,000 note and mortgage now in suit. Reply, a general denial. Trial at March Term 1877 of the district court. The court found that the amount due *Davenport*, October 5th 1871, on the original note and mortgage, (of date 1st Sept. 1868,) after deducting the payments made thereon, (to-wit, $1,003.50, $50, and $154,) was $2,052.28; and on the note and mortgage of 8th August 1870, after deducting $21 as usury, was $329.; total, $2,381.28; and that on that day, (October 5th 1871,) *Davenport* advanced to defendants $285.55, making an actual indebtedness of $2,666.83, (instead of $3,000, as set forth in the note and mortgage in suit;) and the court found that there was paid,

·7th June 1873, $540 on the note and mortgage in suit, leaving due thereon, principal and interest, the sum of $2,126.83. The court also 'found that there was due the plaintiff for ·taxes paid by him on the mortgaged premises, and interest, the sum of $1,498.25; and judgment was given against defendants for said two sums last mentioned, and for $150 ·attorney-fee, and for foreclosure, etc. New trial refused, and ·defendants bring the case here for review.

*W. Littlefield*, and *Benson & Parkinson*, for plaintiffs in ·error.

*John W. Deford*, for defendant in error.

·The opinion of the court was delivered by

BREWER, J.: Action on note and mortgage. Defenses, usury, part payment, and discharge of one defendant as surety by extension to principal. The case of *Jenness v. Cutler*, 12 ·Kas. 500, disposes of the last defense. Even if it were not ·applicable, both defendants signed as joint makers of the note, ·and the testimony shows that the payee had no knowledge as to the alleged suretyship.

As to the first two defenses, it appears that the note sued ·on was executed to take up two prior notes. There was ·simply a general finding of the amount due on the note. This amount was evidently reached by adjudging usury in the last two notes. All the notes on their face were valid, and beyond question the first note was valid in its inception ·and in no manner tainted with usury. The doubtful questions are, whether after the maturity of the first note there ·was a subsequent contract for its extension upon payment of usurious interest, and whether the consideration of the second note was merely the interest due on the first, or an actual loan in cash. The testimony was substantially the depositions ·of the parties, and of the plaintiff's agent, and certain deposit slips. That of the plaintiff and of Mrs. Lathrop was mostly hearsay, and of little value, leaving the questions to turn principally upon the testimony of Asa L. Lathrop and Mr.

Fuller, the agent of the plaintiff, and the slips. The affirmative upon both questions was with the defendants. The note was *prima facie* valid. The finding was general. While both questions are doubtful, we are not satisfied that the court erred in giving paramount weight to the testimony of Mr. Fuller, and upon that the conclusion was unquestionably correct. We can do no otherwise therefore than affirm the judgment.

All the Justices concurring.